UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
VICTORIA PESCH, on behalf of herself and all other persons similarly situated,

Plaintiff,

**COMPLAINT**

-against-

AFFY'S QUEEN INC., AFFY'S PREMIUM GRILL INC., and OMAR KHILJI,

Defendants.
----------------------------------------------------------------------X

***Collective and Class Action***
***Jury Trial Demanded***

Plaintiff, Victoria Pesch ("Plaintiff"), by and through her attorneys, the Romero Law Group PLLC, on behalf of herself and all other persons similarly situated, complaining of the Defendants, Affy's Queen Inc., Affy's Premium Grill Inc., and Omar Khilji (collectively "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. Defendants are engaged in the restaurant business. Plaintiff was employed by Defendants as a server and performed non-exempt work for the Defendants. Plaintiff regularly worked more than 40 hours in a workweek but was not paid overtime at the rate of one and one-half times the regular rate of pay in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (the "FLSA").

2. Plaintiff brings this action under the FLSA on behalf of herself and all similarly situated current and former employees who elect to opt into the action pursuant to the collective action provision of the FLSA, 29 U.S.C. § 216(b) to recover unpaid overtime wages, liquidated damages, statutory interest, and reasonable attorneys' fees and costs incurred in the action.

3. Plaintiff also brings this action on behalf of herself and all other persons similarly situated pursuant to Rule 23 of the Rules of Civil Procedure to recover unpaid minimum wages, overtime wages and spread-of-hours pay, liquidated damages, interest, and reasonable attorney's fees and costs under New York Labor Law Section 198(1-a), and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146 ("NYLL").

**JURISDICTION AND VENUE**

4. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391. Defendants do business in the State of New York, within the Eastern District of New York.

7. Plaintiff will timely file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and timely will seek to amend this Complaint to add claims of discrimination under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") upon the issuance of the Notice of Right to Sue by the EEOC.

**PARTIES**

8. Defendant, AFFY'S QUEEN INC., is a domestic business corporation that operates a restaurant known as Affy's Halal Steakhouse located in Queens County, New York.

9. Defendant, AFFY'S PREMUIM GRILL INC., is a domestic business corporation that operates a restaurant known as Affy's Halal Steakhouse located in Kings County, New York.

10. At all times relevant, Defendants are engaged in the restaurant business and are an "enterprise engaged in commerce" within the meaning of the FLSA in that they (1) have and have

had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (2) have and have had annual gross volume of sales of not less than $500,000.00.

11. At all times relevant, Defendants have "employees engaged in commerce or in the production of goods for commerce, or…has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce" as required by the FLSA.

12. Defendants' restaurants require a "wide variety" of materials that have moved through interstate commerce such as foodstuffs, kitchen utensils, cooking vessels, cleaning supplies, paper products, furniture, and more.

13. At all relevant times, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and NYLL § 190(2).

14. Plaintiff was employed by Defendants as a server. Plaintiff's job duties included serving food and beverages. In performing her duties, Plaintiff handled or worked with goods, such as fruit, grains, beef, poultry, fish, cheese, dairy products and cookware and cooking utensils which undoubtedly moved in interstate commerce

15. At all times relevant, Defendants were and still are an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and NYLL § 190(3).

16. At all times relevant, Defendants have been, and continue to be, an "employer" engaged in "interstate commerce" and/or in the production of goods" for "commerce" within the meaning of 29 U.S.C. § 203. At all times relevant, Defendants have been, and continue to be, an "employer" as defined by 29 U.S.C. § 203(D) and by the NYLL § 190(3).

17. At all relevant times, Defendant, OMAR KHILJI, was a shareholder and/or officer of the defendant corporations, had authority to make payroll and personnel decisions for the

defendant corporations, and was active in the day-to-day management of the defendant corporations, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff. Defendant is liable to Plaintiff as an "employer" for the unpaid wages Plaintiff seeks to recover.

## COLLECTIVE ACTION ALLEGATIONS

18. At all relevant times, Plaintiff and the other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for all hours worked in excess of forty (40) each week.

19. Plaintiff brings FLSA claims on behalf of herself and all persons similarly situated who work or have worked in non-exempt positions, such as severs, waiters, waitresses, bussers, food runners, expediters, bartenders, cooks, preppers and dishwashers, who give their consent in writing to become plaintiffs and who worked at Defendants' restaurant at any time during the three (3) years prior to the filing of their respective consent forms.

20. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as her own interest in bringing this action.

21. Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and all persons who are currently, or have been, employed by the Defendants in non-exempt positions including, but not limited to, severs, waiters, waitresses, bussers, food

runners, expediters, bartenders, cooks, preppers and dishwashers, at any time during the three (3) years prior to the filing of their respective consent forms.

22. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice, and other purposes related to this action, their names and addresses are readily available from the Defendant. These similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

**RULE 23 CLASS ACTION ALLEGATIONS**
**NEW YORK STATE LABOR LAW**

23. Plaintiff brings NYLL claims on behalf of herself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendants in non-exempt positions at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

24. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. Rule 23.

25. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendants in non-exempt positions at any time during the six (6) years prior to the filing of this Complaint.

26. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including, but not limited to, whether Defendants failed to timely pay class members their wages; whether Defendants paid class members at a reduced tipped rate; whether Defendants unlawfully retained class members' gratuities; whether Defendants provided written notice that they were taking a tip credit toward the statutory minimum wage; whether Defendants were entitled to take a tip credit toward the statutory minimum wage; whether class members worked a day that exceeded 10 hours from start to finish; whether Defendants failed and/or refused to pay the Plaintiff and Class Members spread-of-hours pay when they worked more than ten hours in a single workday; whether Defendant's failure to pay spread-of-hours pay was done in good faith; whether Defendants failed to pay premium overtime pay at the rate of one and one-half times the regular rate of pay for all hours worked in excess of 40 hours per workweek; whether Defendants' failure to pay overtime was done in good faith; and the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

27. Plaintiff's claims are typical of the claims of the Class that she seeks to represent. Defendants failed to timely pay Plaintiff her wages, paid Plaintiff at a reduced rate that fell below the statutory minimum wage, retained Plaintiff's gratuities, failed to pay Plaintiff spread-of-hours

pay, failed to pay Plaintiff at least the state minimum wage for all hours worked each workweek, and failed to pay Plaintiff overtime at the rate of one and one-half times the regular rate of pay for all hours worked after 40 hours in a single week. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of the Defendants. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

28. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

29. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

30. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

31. The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendants' practices.

32. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members, who are not named in the complaint, a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## STATEMENT OF FACTS

33. Defendants own and operate restaurants known as Affy's Halal Steakhouse.

34. Defendants' restaurants share the same name, are under the common ownership, management and financial control of Defendants, who together share a common business purpose, and the restaurants are part of a single integrated enterprise.

35. Defendants' restaurants use a centralized payroll and implement company-wide payroll practices and policies across each of their restaurants.

36. Defendants' restaurants share supplies and pool administrative resources, including legal, accounting, and payroll operations.

37. Defendants' website lists each of their restaurant locations on the website, as well as the menus for each restaurant, which offer the same cuisine and prices.

38. Plaintiff was employed by Defendants as a server from in or about January 2024 until May 2025, and again from in or about September 2025 until in or about September 20, 2026. Plaintiff performed non-exempt duties for the Defendants including waiting tables and serving food and beverages.

39. Plaintiff regularly worked more than 40 hours in a workweek, but Defendants failed to pay Plaintiff overtime for hours worked after 40 hours per week at the rate of one and one-half times her regular rate of pay.

40. By way of example only, during the period January 15 to January 21, 2024, Plaintiff worked more than 40 hours. Defendants paid Plaintiff for 40.38 hours at the rate of $10 per hour - $403.80 - without any premium for overtime; during the period January 22 to January 28, 2024, Plaintiff worked more than 40 hours. Defendants paid Plaintiff for 42 hours at the rate of $10 per hour - $420 - without any premium for overtime.

41. From in or about September 2025, until in or about September 20, 2026, Defendants paid Plaintiff for up to, but no more than, 40 hours each pay period, even for periods in which Plaintiff worked more than 40 hours in a workweek. By way of example only, during the period May 11 to May 17, 2026, Plaintiff worked a total of 52.31 hours, but Defendants only paid Plaintiff for 40 hours; during the period June 15 to June 21, 2026, Plaintiff worked a total of 48.28 hours, but Defendants only paid Plaintiff for 40 hours.

42. Defendants failed to timely pay Plaintiff's wages on the regularly scheduled pay date and sometimes failed to pay Plaintiff for weeks at a time.

43. Defendants failed to pay Plaintiff at least the state minimum wage for all hours worked by Plaintiff each workweek. Defendants paid Plaintiff an hourly rate of pay that fell below the statutory minimum wage. Defendants took a tip credit deduction for each hour that Plaintiff

worked and consequently paid her at a reduced hourly rate of pay below the NYLL minimum wage as a tipped employee. Defendants failed to provide Plaintiff with compliant written notice under the NYLL that they were claiming a tip credit toward the statutory minimum wage.

44. Defendants included a mandatory, automatic 15% gratuity to every bill but failed to distribute 100% of the gratuities to tipped staff including Plaintiff. Defendants unlawfully retained 20% to 30% of the mandatory gratuities, as well as a portion of any gratuities left in excess of the mandatory, automatic 15% charge.

45. Defendants regularly required Plaintiff and class members to perform non-tipped duties. Plaintiff frequently performed a substantial amount of non-tipped work during her shifts, commonly in excess twenty percent of her time worked during her shifts and therefore in excess of the amount permitted for a tipped-rate employee by applicable law and regulations. At opening, Defendants required servers including Plaintiff to sweep and clean the restaurant; clean tables, chairs and booths; set up tables; bring up stock from the basement; clean glasses; wipe down the bar; clean fork and knife buckets; fill pitchers; refill napkins and straws; clean and stock plates; fill garnish containers; wipe checkbooks and menus; refill condiments; clean salt and peppers shakers; clean table lamps; clean the bathroom; etc. Plaintiff sometimes performed non-tipped duties for up to 2 ½ hours at opening. At closing, Defendants required servers including Plaintiff to set tables for the next day; return perishable items to the refrigerator; empty pitchers; clean sinks; clean bar mats; clean blender machines; disinfect and clean the pump syrup wall and shelf; clean fork and knife buckets; empty garbage; etc. Notwithstanding this, Defendants frequently paid Plaintiff at a reduced tipped rate of pay for time spent performing non-tipped work.

46. On days that Plaintiff opened, she sometimes worked for 5 to 8 hours without a table to serve.

47. Defendants failed to accurately record the correct amounts of tips received by Plaintiff and other tipped employees each workweek.

48. As a result of the foregoing tip credit violations, Defendants were not entitled to pay Plaintiff at a reduced tipped rate that was below the statutorily mandated minimum wage rate under the NYLL. Thus, Defendants paid Plaintiff at a reduced tipped rate that was below the statutorily mandated minimum wage rate, in violation of the NYLL.

49. Plaintiff regularly worked a workday that was longer than 10 hours from its start to its finish.

50. By way of example only, on May 17, 2026, Plaintiff began work at 12:02 p.m. and finished work at 11:05 p.m.; on June 18, 2026, Plaintiff began work at 12:03 p.m. and finished work at 10:47 p.m.; on June 21, 2026.

51. Defendants failed to pay Plaintiff spread-of-hours pay for each day in which the spread-of-hours exceeded 10 hours in violation of N.Y. Comp. Codes R. & Regs. 12 § 146-1.6.

52. Defendants failed to provide Plaintiff upon hire with an accurate written notice of her rate of pay and other information in violation of N.Y. Comp. Codes R. & Regs. 12 § 146-2.2 and NYLL § 195.

53. Defendants failed to furnish Plaintiff with an accurate statement with every payment of wages listing the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked in violation of N.Y. Comp. Codes R. & Regs. 12 § 146-2.3 and NYLL § 195(3).

54. Defendants failed to post notices explaining wage and hour requirements in conspicuous places as required by the FLSA, 29 C.F.R. § 516.4 and the NYLL, N.Y. Comp. Codes R. & Regs. 12 § 146-2.4.

55. Defendants' failure to properly state Plaintiff's regular rate and overtime rate upon hire, and failure to properly state Plaintiff's correct overtime rate of pay each pay period, prevented Plaintiff from knowing to what extent she had been underpaid and seeking payment for the precise amount of her unpaid wages.

56. As a result, Plaintiff was deprived of her income for longer than she would have been had she been able to timely raise her underpayment earlier. Plaintiff was unable to determine how much she had been underpaid throughout her employment. Plaintiff would have asserted her claim sooner if accurate statements had been provided.

57. Defendants' failure to provide accurate notices and statements not only denied Plaintiff the time-value of the underpayments she seeks to recover in this action, but also resulted the continued practice of paying Plaintiff less than one and one-half times her regular rate for hours that she worked after 40 hours per workweek.

## SEXUAL HARASSMENT

58. Plaintiff was subject to sexual harassment by Defendants' male employees in violation of the Admin. Code § 8-107, the New York City Human Rights Law ("NYCHRL"). The harassment included unwelcome physical touching, requests for sexual favors, and vile sexual comments. The conduct of Defendants' male employees was intended to, and did, cause Plaintiff to feel intimidated, embarrassed and humiliated. The sexual harassment interfered with Plaintiff's ability to work.

59. Defendants' male employees made daily requests to Plaintiff for oral sex throughout her employment by Defendants.

60. Cristian Perez and "Tomas" repeatedly said "*chupalo*" to Plaintiff, a vulgar Spanish slang term that translates roughly to "*suck it*" or "*suck my dick*" in English

61. In January 2026, Defendants' male employee, "Freddy," called Plaintiff twice when she was not working. Plaintiff ignored Freddy's calls. When Plaintiff was at work later and asked why Freddy had called her, Defendants' male employees made jokes about Freddy raping her.

62. In August 2026, Tomas forcibly grabbed Plaintiff and grinded his body against her body without her consent.

63. Defendants' male employees suggested that she "*likes dark and black ones*," referring to male genitals.

64. In or about August 2026, Defendants' male kitchen manager, Jaime, came up behind Plaintiff, placed his left hand on her hips, pushed down on her back with his other hand, while mimicking anal intercourse. He then jokingly apologized and said to Plaintiff, "*Sorry habit*."

65. Plaintiff repeatedly complained about the harassment to Defendant Omar Khilji, including Jaimie's assault, but Defendant Khilji demonstrated a deliberate indifference to the sexual harassment of Plaintiff and failed to take any corrective action.

66. The harassing and discriminatory conduct was severe and created a hostile work environment based on sex.

67. Defendants' failure to prevent Plaintiff from being sexually harassed resulted in the constructive discharge of Plaintiff's employment.

68. Due to Defendants' failure to prevent the sexual harassment of Plaintiff, she suffered loss of employment, loss of income, mental anguish, emotional pain, and humiliation and embarrassment.

**FIRST CLAIM FOR RELIEF**
**FLSA OVERTIME WAGES**

69. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

70. Defendants employed Plaintiff and Collective Action Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff and Collective Action Plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular rate, in violation of the FLSA.

71. Defendants' violations of the FLSA, as described in this Complaint, have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA. Therefore, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

72. Plaintiff and Collective Action Plaintiffs have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**(UNLAWFULL RETENTION OF TIPS UNDER THE FLSA)**

73. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

74. Pursuant to 29 U.S.C. § 203(m), "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

75. Additionally, according to Fact Sheet #15 Tipped Employees Under the Fair Labor Standards Act (FLSA), published by U.S. Department of Labor ("DOL" hereinafter), Wage and Hour division, "[r]egardless of whether an employer takes a tip credit, the FLSA prohibits

employers from keeping any portion of employees' tips for any purpose, whether directly or through a tip pool. An employer may not require an employee to give their tips to the employer, a supervisor, or a manager, even where a tipped employee receives at least the federal minimum wage (currently $7.25) per hour in wages directly from the employer and the employer takes no tip credit."

76. By setting and maintaining a policy and/or practice of improperly withholding all or portions of tips and gratuities meant to be paid to Plaintiff, Defendants willfully and knowingly violated the FLSA.

77. Defendants failed to maintain proper employment records as required by the FLSA.

78. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

79. As a result of the unlawful acts of the Defendants, Plaintiff has been deprived of tips and gratuities in amounts to be determined at trial.

80. Based on the foregoing, Plaintiff is entitled to recover from Defendants liquidated damages, attorneys' fees, and the costs and disbursements of this action under the FLSA.

**THIRD CLAIM FOR RELIEF**
**FLSA FAILURE TO PAY TIMELY WAGES**

81. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

82. Plaintiff was entitled to on-time payment of her statutorily required wages after the workweek ends. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945).

83. Defendants unreasonably withheld Plaintiff's federally mandated wages after the conclusion of the workweek.

84. Such a delay is inherently unreasonable, as Defendants were required by New York law to pay Plaintiff and the FLSA Collective within seven days after the end of the workweek.

85. Defendants failed to make a good faith effort to comply with the FLSA with respect to compensating Plaintiff and the FLSA Collective.

86. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

87. As a consequence of the willful delay of wages, alleged above, Plaintiff is entitled to recover from Defendants interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF
## NYLL OVERTIME WAGES

88. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

89. Defendants employed Plaintiff and Class Members for workweeks longer than forty (40) hours and willfully failed to compensate them for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times their regular rate in violation of NYLL.

90. By Defendants' failure to pay Plaintiff and Class Members overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the NYLL.

91. Plaintiff and Class Members are entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**FIFTH CLAIM FOR RELIEF**
**NYLL MINIMUM WAGES**

92. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

93. Defendants failed to pay Plaintiff the applicable minimum wage rates for all hours worked in violation of the NYLL and the supporting NYS Department of Labor Regulations, including 12 N.Y.C.R.R. § 146.

94. Defendants' violations of the NYLL have been willful and intentional.

95. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from the Defendants, unpaid minimum wage compensation, attorneys' fees, costs of this action, and interest as permitted by law.

96. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from the Defendants, liquidated damages equal to the amount of these unpaid wages.

**SIXTH CLAIM FOR RELIEF**
**(VIOLATION OF NYLL § 196-d)**

97. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

98. Pursuant to NYLL § 196-d, an employer is not permitted to "demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

99. Plaintiff performed work for the benefit of Defendants, at Defendants' behest, for which she received compensation partially through tips and gratuities.

100. Defendants retained and/or failed to remit, directly and indirectly, a portion of the tips and gratuities intended for the Plaintiff.

101. Plaintiff has not been paid her tips and gratuities as Defendants have unlawfully retained and/or failed to remit those tips and gratuities, in violation of NYLL § 196-d.

102. Defendants' violations of the NYLL have been willful and intentional.

103. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants, unpaid tips and gratuities, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

**SEVENTH CLAIM FOR RELIEF**
**(VIOLATION OF NYLL § 193)**

104. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

105. NYLL § 193 prohibits employers from taking any deductions from wages, except as required by law or regulation, or authorized by the employee for the employee's benefit.

106. Defendants made unlawful deductions to Plaintiff's wages, tips and gratuities, in violation of NYLL § 193 and the supporting NYS Department of Labor Regulations.

107. Defendants' violations of the NYLL have been willful and intentional.

108. Due to Defendants' violations of the NYLL, Plaintiff is entitled to damages in an amount to be determined at trial, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

**EIGHTH CLAIM FOR RELIEF**
**NYLL SPREAD-OF-HOURS VIOLATION**

109. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

110. Defendants willfully failed to pay Plaintiff and Class Members one additional hour's pay at the basic minimum wage rate before allowances for each day the spread of hours exceeded ten (10) in violation of in violation of N.Y.C.C.R. 12 § 146-1.6 and NYLL.

111. Plaintiff and Class Members are entitled to recover from Defendants, spread of hours pay, plus interest, liquidated damages, reasonable attorneys' fees and the costs of this action.

**NINTH CLAIM FOR RELIEF**
**(NYLL – FAILURE TO PAY WAGES DUE)**

112. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

113. NYLL §§ 190, 191, 198 and 663(1) require that employers pay wages to their employees in accordance with their agreed terms of employment.

114. Defendants failed to compensate Plaintiff at her regular rate of pay for certain hours that she worked in accordance with the agreed terms of employment.

115. Defendants' violations of the NYLL have been willful and intentional.

116. At all times relevant to the Complaint, each Plaintiff was a "manual worker" within the meaning of NYLL § 190(4).

117. Plaintiff spent more than 25% of her working time performing physical tasks such as: lifting, carrying, pushing, pulling, bending, reaching, walking and remaining on their feet for long periods to complete their duties.

118. Plaintiff was entitled to payment of her wages within seven calendar days after the end of the workweek, in accordance with NYLL § 191(1)(a).

119. Defendants failed to pay Plaintiff's wages within seven calendar days after the end of the workweek in accordance with NYLL § 191(1)(a). Instead, Defendant paid Plaintiffs' wages semi-monthly in violation of NYLL § 191(1)(a).

120. Each time that Defendants failed to pay Plaintiff her wages earned within seven days of the end of the workweek, they deprived Plaintiff of the use of money to which she was legally entitled.

121. As a result of Defendants' failure to timely pay wages, Plaintiff lost the time value of money.

122. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover for all hours worked for Defendants but for which Defendants did not provide compensation at the regular rates of pay.

123. Due to Defendants' violations of the NYLL, Plaintiff is also entitled to interest, as well as attorneys' fees and costs.

**TENTH CLAIM FOR RELIEF**
**(UNJUST ENRICHMENT)**

124. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

125. Plaintiff performed work for the benefit of Defendants, at Defendants' behest, for which she received compensation partially through tips and gratuities – a form of wages – and compensation through an hourly rate of pay.

126. Defendants retained and/or failed to remit hourly wages for certain hours worked at any rate of pay and retained and/or failed to remit portion of the tips and gratuities intended for the Plaintiffs, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, thereby withholding their compensation in the form of earned wages, tips, gratuities and/or money due and owing to them.

127. Due to Defendants' conduct in violation of New York common law, Defendants were enriched at the expense of Plaintiffs, Class Members and any FLSA Collective Action Plaintiff who opts-into this action and it is against equity and good conscience to permit Defendants to retain what is sought to be recovered.

128. Defendants violated New York common law against Plaintiffs, Class Members and any FLSA Collective Action Plaintiff who opts-into this action by engaging in willful, wanton, and/or reckless conduct and/or conduct in conscious disregard of Plaintiffs', Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's rights, and Plaintiffs, Class Members and any FLSA Collective Action Plaintiff who opts-into this action are therefore entitled to an award of punitive damages under New York law.

## ELEVENTH CLAIM FOR RELIEF
## (QUANTUM MERUIT)

129. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

130. Plaintiff performed valuable services for Defendants in good faith, at Defendants' behest, which were accepted by Defendants.

131. Plaintiff performed valuable services for Defendants with the expectation that they would be compensated for their work.

132. Defendants failed to compensate Plaintiffs Flores, Martinez, Diaz, and Pavia, Class Members and any FLSA Collective Action Plaintiff who opts into this action, at their regular rate of pay or any rate of pay for certain hours that they worked for the Defendants.

133. Plaintiff is entitled to the recovery of the reasonable value of the services that they provided to Defendants, Defendants were enriched at the expense of the Plaintiff, and it is against equity and good conscience to permit Defendants to retain what is sought to be recovered.

134. Due to Defendants' unlawful conduct, as set forth herein, Plaintiff is entitled to recover damages, costs of this action, and interest as permitted by law.

135. Defendants are liable to Plaintiff under New York common law reason of their willful, wanton, and/or reckless conduct and/or conduct in conscious disregard of Plaintiff rights, and Plaintiff is therefore entitled to an award of punitive damages under New York law.

**TWELTH CLAIM FOR RELIEF**
**(CONVERSION)**

136. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

137. Defendants engaged in unlawful conversion of Plaintiff's property, including, but not limited to, retaining and/or failing to remit Plaintiff's earned wages, tips, and gratuities.

138. Defendants engaged in this conduct and retained and/or failed to remit to Plaintiff her earned wages, tips, and gratuities without Plaintiff's consent.

139. Defendants' conduct amounts to nothing less than blatant theft of Plaintiff's earned wages, tips, and gratuities.

140. Defendants intentionally and without authority, assumed or exercised control over Plaintiff's personal property that belonged to Plaintiff, and that did not belong to Defendants, and interfered with Plaintiff's rights of possession.

141. Defendants intentionally engaged in conversion by taking possession of and/or failing to remit Plaintiff's earned wages, tips, and gratuities and by permanently impeding Plaintiff from using her earned wages, tips, and gratuities, which she had the exclusive right to use.

142. As a result of Defendants' unlawful conduct, Plaintiff is entitled to all damages, the value of all property, earned wages, tips, gratuities and/or money converted to Defendants' possession and/or use, out of pocket costs, other incidental and consequential damages, costs of this action and interest as permitted by law.

143. Defendants may be held liable to Plaintiff for punitive damages under New York common law.

**THIRTEENTH CLAIM FOR RELIEF**
**NYLL WAGE NOTICE**

144. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

145. Defendants failed to provide Plaintiff upon hire with accurate written notice of her rate of pay and other information in violation of N.Y. Comp. Codes R. & Regs. 12 § 146-2.2 and NYLL § 195.

146. Plaintiff is entitled to recover statutory damages from Defendants.

**FOURTEENTH CLAIM FOR RELIEF**
**NYLL WAGE STATEMENTS**

147. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

148. Defendants failed to furnish Plaintiff with an accurate statement of her wages with every payment of wages listing the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked in violation of in violation of N.Y. Comp. Codes R. & Regs. 12 § 146-2.3 and NYLL § 195(3).

149. Plaintiff is entitled to recover statutory damages from Defendants.

**FIFTEENTH CLAIM FOR RELIEF**
**NEW YORK CITY HUMAN RIGHTS LAW**

150. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

151. Plaintiff was sexually harassed and subject to discrimination in employment because of her sex.

152. Plaintiff reported the sexual harassment to Defendants.

153. Defendants failed to take corrective action or remedial measures.

154. As a direct result of the sexual harassment, Plaintiff has suffered loss of income, loss of employment, mental anguish, emotional pain, and humiliation and embarrassment.

155. The conduct described herein was done in conscious disregard of Plaintiff's rights.

## JURY DEMAND

156. Plaintiff demands a jury by trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

(i) Certification of this case as a collective action under 29 U.S.C. § 216(b);

(ii) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

(iii) Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(iv) Designation of Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

(v) Unpaid minimum wages, overtime wages, spread of hours pay, liquidated damages, statutory damages and interest pursuant to NYLL § 198(1-a);

(vi) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL, Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations;

(vii) Back pay and lost wages with interest, emotional distress damages, and punitive damages under the NYCHRL;

(viii) All attorneys' fees and costs incurred in prosecuting these claims; and

(ix) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
September 23, 2026

ROMERO LAW GROUP PLLC

*/s/ Peter A. Romero*

By: ________________________

Peter A. Romero, Esq.
490 Wheeler Road, Suite 250
Hauppauge, New York 11788
Tel. (631) 257-5588
promero@romerolawny.com

*Attorneys for Plaintiff*